UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GKO & ASSOCIATES, INC., ET AL.,<br><br>　　　　Defendants.<br>_____/ | No. C-05-2202 JSW (JCS)<br><br>**REPORT & RECOMMENDATION RE PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANTS GKO & ASSOCIATES, INC., GKO CONSULTING ENGINEERS, INC., JAMES WINZLER, and GKO & ASSOCIATES 401(k) SAVINGS AND PROFIT SHARING PLAN [Docket No. 26]** |

## I.　INTRODUCTION

Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor (the "Secretary") filed this ERISA enforcement action against an employee benefit plan, the employer who sponsored and administered the plan, and various plan trustees. The Secretary alleges that the employer retained in its general funds employee benefits withheld from employees' salaries rather than remitting these funds into the plan account, in violation of ERISA. Two defendants – Gregg Okamitsu and Yan Kam-Wing – are currently engaged in settlement negotiations with the Secretary. Default has been entered as to the remaining defendants, and as to these defendants the Secretary now brings a motion for default judgment (the "Motion"). The Secretary filed additional materials in support of the Motion on March 3, 2006, and March 16, 2006. For the reasons stated below, it is recommended that the Motion be GRANTED.

## II.　BACKGROUND

On May 31, 2005, the Secretary brought this action against GKO & Associates 401 (k) Savings and Profit Sharing Plan ("the Plan"), GKO & Associates, Inc. ("GKO"), GKO Consulting Engineers, Inc. ("GKO-CE"), James Winzler ("Winzler"), Gregg Okamitsu ("Okamitsu") and Yan

1

Kam-Wing ("Yan"). The Secretary alleges that: 1) the Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3); 2) GKO was the sponsor and administrator of the Plan; 3) GKO-CE was a successor in interest to GKO; 4) Winzler was president and majority owner of GKO as well as a Plan trustee and member of the Plan Advisory Committee, and thus a Plan fiduciary; 5) Okimatsu was a founder of GKO, a Plan trustee and a member of the Plan Advisory Committee, and thus a Plan fiduciary; and 6) Yan was a founder of GKO, a Plan trustee and a member of the Plan Advisory Committee, and thus, a Plan fiduciary. Complaint, ¶¶ 5-12.

According to the Complaint, between January 1999 and May 2004, GKO withheld over $100,000.00 from GKO employees' pay in contributions. Complaint, ¶ 17. Instead of remitting these contributions to the Plan, however, these funds were retained in GKO's general assets and used for business expenses. *Id*. The individual who was primarily responsible for this conduct was Winzler, who "made all decisions concerning whether and when to remit employee contributions to the Plan." Complaint, ¶ 18. Defendants Okimatsu and Yan also were aware that the funds were not being remitted to the Plan, but failed to take any action to remedy the problem. Complaint, ¶ 19. As a result, the Complaint alleges, the Plan experienced losses as well as lost opportunity costs on the losses. Complaint, ¶ 20.

On the basis of these factual allegations, the Complaint alleges that Defendants breached their fiduciary duties in violation of 29 U.S.C. §§ 1103 (a) (failure to hold assets of Plan in trust), 1103(c)(1) (allowing assets of the Plan to inure to the benefit of the employer), 1104(a)(1)(A) (failing to act solely in the interest of Plan participants and beneficiaries), 1104(a)(1)(D) (failing to act in accordance with the documents and instruments of the Plan) and 1106(a)(1)(D) (causing Plan to engage in transfer of Plan assets to party in interest). The Complaint alleges that all Defendants are jointly and severally liable for the Plan's losses and seeks equitable relief under 29 U.S.C. § 1132(a)(5)(B) in the form of disgorgement. The Complaint alleges that Defendants Yan and Okimatsu are jointly and severally liable for the breaches of fiduciary duty committed by Winzler, GKO and GKO-CE under 29 U.S.C. § 1105(a)(2), which creates liability on the part of fiduciaries who enable other fiduciaries to commit a breach of their fiduciary duty through inaction.

The Secretary requested the following relief in the Complaint: 1) payment by Defendants of restitution to the Plan; 2) an order setting off the individual Plan accounts of Winzler, Okamitsu, and Yan against the Plan losses resulting from Defendants' breaches of fiduciary duty if these losses are not otherwise restored by Defendants; 3) removal of Defendants as fiduciaries of the Plan and appointment of an independent fiduciary with full authority to manage and administer the plan; 4) an order requiring that Defendants pay all the costs associated with appointment of an independent fiduciary; 5) an injunction prohibiting Defendants from violating the terms of Title I or ERISA; 6) an injunction prohibiting Defendants from serving as fiduciaries to any ERISA-covered employee benefit plan; and 7) costs of the action.

Defendants failed to appear and default was entered against the Plan, GKO, GKO-CE and Winzler. The Secretary did not request entry of default as to Defendants Okamitsu and Yan, with whom settlement negotiations are underway. *See* Stipulation Requesting Court to Further Extend Time for Filing of Defendant Okamitsu and Yan's Responsive Pleadings, Parties' Initial Disclosures, Rule 26(f) Joint Report, and to Postpone Date for Case Management Conference to Permit Parties to Continue Settlement Negotiations, Filed January 3, 2006 (the "January 3, 2006 Stipulation"). As to these Defendants, the Secretary has filed a stipulation in which Yan and Okamitsu state as follows:

> Defendants Okamitsu and Yan, solely for the purposes of this lawsuit, hereby waive their right to plead any defense based on denying that Defendants Winzler, GKO & Associates and GKO Consulting Engineering were fiduciaries of the Defendant GKO 401(k) Plan or that the latter defendants breached their fiduciary duties under ERISA by failing to forward employee contributions to the Plan, all as alleged in the Secretary's Complaint.

Stipulated Waiver in Support of Secretary's Motion for Default Judgment.

In the Motion, which seeks default judgment as to the remaining defendants ("the Default Judgment Defendants"), the Secretary seeks restitution to the Plan of: 1) the unremitted payments in the amount of $115,993.78; and 2) lost earnings on the unremitted payments in the amount of $26,585.12, for which Winzler, GKO and GKO-CE are to be jointly and severally liable. *See* Declaration of Jeneanne Cardenas in Support of Motion for Entry of Default Judgment by Court Against Certain Defendants ("Cardenas Decl."). In addition, the Secretary asks that Winzler be

removed as a fiduciary of the Plan and that Thomas A. Dillon, Esq., be appointed, at the Default Judgment Defendants' expense, as an Independent Fiduciary. Dillon is to be given full authority to manage and administer the Plan, to make distributions to the Plan participants and undertake the orderly termination of the Plan. The fee sought for Dillon's services is $3,500.00, not including out-of-pocket expenses. Finally, the Secretary asks that Winzler be permanently enjoined from serving as fiduciary of any ERISA-covered employee benefit plan.

### III.   ANALYSIS

#### A.   Standard Governing Default Judgment

The Secretary has applied for a default judgment in this action on the basis that Defendants have failed to appear after valid service. Under Federal Rule of Civil Procedure 55(b)(2), the court may enter a default judgment where the clerk, under Rule 55(a), has already entered the party's default based upon a failure to plead or otherwise defend the action. The district court's decision to enter a default judgment involves some discretion. *Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956) (affirming district court's denial of default judgment). The court is free to consider a wide range of factors in deciding whether to enter a default judgment, including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986); *see also* Wright & Miller, *Federal Practice and Procedure*, Civil § 2685. In deciding whether to enter a default judgment, the Court may also consider whether there would be grounds for setting aside the judgment if the defaulting party were to seek such relief. *Id.*

Where there are multiple defendants, "if the possibility exists that entry of default judgment against one defendant risks unavoidable inconsistency with a later judgment concerning the other defendants in the action, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1006 (N.D. Cal.) (quoting 10A Charles Alan Wright et al., *Federal Practice &*

*Procedure* § 2690 (3d ed.1998) (citing *Frow v. De La Vega,* 82 U.S. (15 Wall) 552, 554, 21 L.Ed. 60 (1872))).

Where a default judgment is deemed appropriate, the factual allegations of the complaint, except those relating to damages, are taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). So long as the allegations in the complaint are "well-pleaded," liability is established as to those allegations by the default. *Trans World Airlines Inc. v. Hughes*, 308 F. Supp. (D.C.N.Y. 1969), *modified on other grounds*, 449 F.2d 51*, rev'd on other grounds*, 409 U.S. 363 (1973). On the other hand, a plaintiff seeking default judgment must present evidence to establish the amount of damages. *See Geddes*, 559 F.2d at 560. More broadly, where other types of relief, such as an injunction, are sought, the district court may not grant such relief without making findings indicating that the non-defaulting party is entitled to it. *Securities and Exch. Comm'n v. Mgmt. Dynamics, Inc..* 515 F.2d 801, 814 (2d Cir. 1975) (holding that district court had abused its discretion in granting permanent injunction on the basis of default without making findings that permanent injunction was justified).

### B. Liability

The Court concludes that the Secretary's claims under 29 U.S.C. §§ 1103 (a), 1103(c)(1) , 1104(a)(1)(A), 1104(a)(1)(D), and 1106(a)(1)(D) are well-pleaded and therefore, that liability should be found as to these claims with respect to the Default Judgment Defendants. To the extent that there may have been a possibility of inconsistent outcomes resulting from the fact that Defendants Okamitsu and Yan are still engaged in settlement discussions, the Secretary has eliminated that possibility through the stipulation of Okamitsu and Yan cited above. Therefore, liability should be found on Plaintiff's claims as to the Default Judgment Defendants.

### C. Remedy Sought by Secretary

The Secretary asks the Court for equitable relief in the form of restitution, removal of Winzler and appointment of Dillon as fiduciary and an order prohibiting Winzler from acting as a fiduciary of any ERISA covered Plan. The Court concludes that the equitable remedies sought by Plaintiff are reasonable and appropriate and should be awarded in full.

"Where there has been a breach of fiduciary duty, ERISA grants to the courts broad authority to fashion remedies for redressing the interests of participants and beneficiaries." *Donovan v. Mazzola*, 716 F.2d 1226, 1235 (9th Cir. 1983) (citing 29 U.S.C. § 1109). In particular, ERISA provides as follows:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. . . .

29 U.S.C. § 1109(a).

Here, the Secretary has provided a detailed declaration by an investigator of the Department of Labor's Employee Benefits Security Administration ("EBSA"), Jeneanne Cardenas, documenting the failure of the Default Judgment Defendants to remit to the Plan payments that were withheld from employee paychecks. This evidence documents not only the amounts sought but also the breach of fiduciary duty of the Default Judgment Defendants. The Court concludes that in light of this evidence, it is appropriate that the Default Judgment Defendants be ordered to pay the requested restitution to the Plan and that Winzler be removed as Plan fiduciary and barred from serving as a fiduciary for any ERISA-covered plan. In addition, the Court concludes, based on the curriculum vitae for Thomas A. Dillon submitted by the Secretary, that appointment of Dillon as Independent Discretionary Fiduciary is in the interest of the Plan and its fiduciaries. Further, the fee of $3,500.00, to be included in the award against the Default Judgment Defendants, is reasonable and, therefore, should be included with the Plan losses awarded against the Default Judgment Defendants.

### III.  CONCLUSION

The Motion should be GRANTED. The equitable relief requested by Plaintiff should be awarded in full. In particular, the Default Judgment Defendants should be held jointly and severally

6

liable for $146,078.90. Winzler should be removed as Plan fiduciary and barred from serving as fiduciary for any ERISA-covered plan and Dillon should be appointed as Independent Discretionary Fiduciary.

Dated: March 22, 2006

_____
JOSEPH C. SPERO
United States Magistrate Judge