LAWRENCE BREWSTER, Regional Solicitor
DANIELLE JABERG, Counsel for ERISA
**JAN M. COPLICK, Senior Trial Attorney**
California State Bar Number 124053
E-mail: sol-sf@dol.gov
United States Department of Labor
Office of the Solicitor
71 Stevenson Street, Suite 1110
San Francisco, California 94105
Telephone: (415) 975-4498
Facsimile:  (415) 975-4495

Attorneys for Elaine L. Chao, Secretary
United States Department of Labor, Plaintiff

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of the United States Department of Labor, <br><br>            Plaintiff,<br><br>    vs.<br><br>GKO & ASSOCIATES, INC., a California corporation; GKO Consulting Engineers, Inc. a California corporation; JAMES WINZLER, an individual; GREGG OKAMITSU, an individual; YAN KAM-WING, an individual; and GKO & ASSOCIATES 401(k) SAVINGS AND PROFIT SHARING PLAN, an employee pension benefit plan,<br><br>            Defendants. | Case No.: Docket No.C-05-02202 JSW<br><br>CONSENT JUDGMENT AS TO DEFENDANTS GREGG OKAMITSU AND YAN KAM-WING ONLY |

Plaintiff ELAINE L. CHAO, Secretary of the United States Department of Labor (the "Secretary"), and defendants GREGG OKAMITSU ("Okamitsu") and YAN KAM-WING ("Yan"), collectively the "Parties" hereto, have agreed to resolve the matters in controversy in this civil action and request the entry of this Consent Judgment, in accordance herewith:

A. The Secretary's complaint against Defendants Okamitsu and Yan, which also named as defendants GKO & ASSOCIATES, INC., a California corporation; GKO Consulting Engineers, Inc. a California corporation; JAMES WINZLER ("Winzler"), an individual, and the

*Consent Judgment*                                    *Page-*1

GKO & ASSOCIATES 401(k) SAVINGS AND PROFIT SHARING PLAN (the "Plan")[1] alleged violations of Title I of the Employee Retirement Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

B. On May 1, 2006, this Court entered an order of Default Judgment against Defendants GKO and Associates, Inc., GKO Consulting Engineers and James Winzler and appointed Thomas Dillon, Esq. as discretionary independent fiduciary of the Plan ("the Default Judgment"). The terms of the Default Judgment required, among other things, that those Defendants restore to the Plan losses totaling $142, 578, plus lost opportunity income, resulting from those Defendants' breaches of their ERISA fiduciary duties. To date those Defendants have not restored those losses to the Plan.

C. Based on the Default Judgment, the Secretary filed a judgment lien against real property owned by Defendant Winzler in Honolulu, Hawaii. Defendant Winzler's said Hawaii real property has recently been sold under order of foreclosure issued by the Circuit Court of the First Circuit, State of Hawaii in *Board of Directors of the Association of Apartment Owners of Yacht Harbor Towers vs. James Paul Winzler et al.*, Civil Case No. 04-1-1366-07. The Secretary is represented in that action by Assistant U.S. Attorney for the District of Hawaii, Edric M. Ching, who is currently seeking to garnish, to the benefit of the Secretary on behalf of the Plan, proceeds from the said foreclosure sale with the goal of thereby satisfying all or part of the Default Judgment.

D. The plaintiff and Defendants Okamitsu and Yan have agreed to resolve all matters in controversy in this action between them (except for the imposition by Plaintiff of any penalty pursuant to ERISA §502(l), 29 U.S.C. §1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance therewith, and expressly waive Findings of Fact and Conclusions of Law. The parties hereto agree that if the Secretary of Labor assesses a penalty against Defendants Okamitsu and Yan pursuant to ERISA §502(l) in connection with the violations alleged in this matter, the "applicable recovery amount" shall include all amounts paid by Defendants Okamitsu and Yan in accordance with this

---

[1] The Plan was named in the Secretary's complaint solely as a party necessary for complete relief pursuant to Fed. R. Civ. P. 19(a).

Consent Judgment and Order.

E. Defendants Yan and Okamitsu have waived service of process of the complaint and have admitted to the jurisdiction of this Court over them and the subject matter of this action, and that venue lies in the Northern District of California pursuant to ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2). The parties hereto have agreed that this Consent Judgment shall fully settle all claims of the Secretary asserted in the Complaint against Defendants Okamitsu and Yan.

Moreover, upon consideration of the record herein, and as agreed to by the parties hereto, the Court finds that it has jurisdiction to enter this Consent Judgment and Order and is empowered to provide the following equitable relief,

IT IS THEREFORE ORDERED that:

1. Defendants Yan and Okamitsu are permanently enjoined from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq.*

2. Following the completion of the Secretary's involvement in the State of Hawaii foreclosure proceedings described in paragraph C above, entitled *Board of Directors of the Association of Apartment Owners of Yacht Harbor Towers vs. James Paul Winzler et al.*, Civil Case No. 04-1-1366-07, the Secretary will give Defendants Yan and Okamitsu, through their attorney Douglas Murken, written notice of the amount of the deficiency, if any, in the total amount of the Plan's losses[2] still owing to the Plan that were not recovered from the foreclosure proceeding. Within fourteen (14) days from the posting of such notice, Defendants Okamitsu and Yan shall jointly and severally pay to the Secretary on behalf of the Plan the amount of such deficiency up to a total amount of $40,000.00.

3. In order to permit Defendant Okamitsu to be able to make any payment to the Plan as may be required under the provisions of paragraph 2, above, Defendant Okamitsu hereby agrees that he will forfeit, at that future time, any amount required by the provisions of Paragraph 2 to a maximum of $20,000.00 of his accrued and vested Plan benefits otherwise due him, as authorized by ERISA §206(d)(4), 29 U.S.C. §1056(d)(4), to be reallocated by the Independent Fiduciary to the accounts of Plan's participants and beneficiaries, other than any participants who

---

[2] The amount of the Plan losses is the amount found owing by the Court in its Order of May 1, 2006, plus post-judgment interest, as detailed in Paragraph B above.

*Consent Judgment* *Page-* 3

are also defendants in this civil action.

4. Defendant Okamitsu's spouse also waives any interest which may have accrued to or vested in her, or may later accrue to or vest in her in Defendant Okamitsu's Plan account as community property as the spouse or beneficiary of Defendant Okamitsu, as provided in the Waiver of Benefits and Spousal Consent, executed by her, attached hereto as Exhibit A.

5. Any payments or account forfeitures made by Defendants Yan or Okamitsu under paragraphs 2 to 4 above shall be allocated proportionately among the accounts of the remaining Plan participants, except that no part of these amounts shall be allocated to any Plan accounts of Defendants Yan or Okamitsu.

6. Nothing in this agreement affects the right of the Secretary to assess a penalty under Section 502(l) of ERISA, nor the right of Defendants Okamitsu and Yan to petition the Secretary to waive or reduce all or a portion thereof, as provided in 29 C.F.R. § 2570.85.

7. The Defendants shall cooperate fully with Independent Fiduciary Thomas Dillon in providing documents or information they may have which are relevant to the Plan's administration and management.

8. Defendants Yan and Okamitsu are enjoined for a period of two years from serving as trustees, fiduciaries, advisors, or administrators to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and from rendering any other services to any employee benefit plan.

9. The Secretary and Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

10. This Consent Judgment shall operate as a final disposition of all claims asserted by the Secretary against Defendants in the Complaint.

11. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

12. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

13. By signing their names to this Consent Judgment, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment.

Dated: 11.28.2006				HOWARD M. RADZELY
							Solicitor of Labor
						LAWRENCE BREWSTER
							Regional Solicitor
						DANIELLE JABERG
							Counsel for ERISA

						By: _/s/ Coplick.Jan_____
						JAN M. COPLICK
							Senior Trial Attorney

						Attorneys for Plaintiff

Entry of this Consent Judgment is hereby consented to on behalf of the GKO & Associates 401(k) Savings And Profit Sharing Plan.

Dated:_____			By:_____
						THOMAS DILLON, Esq.
						Independent Fiduciary

Defendants consent to the entry of this Consent Judgment.

**FOR DEFENDANTS GREGG OKAMITSU and YAN KAM-WING:**

Dated: November ____, 2006		_____
						DOUGLAS MURKEN, Counsel for defendants
						GREGG OKAMITSU and YAN KAM-WING

Dated: November ____, 2006		_____
						Defendant GREGG OKAMITSU

Dated: November ____, 2006		_____
						Defendant YAN KAM-WING

The Court directs the entry of this Consent Judgment as a final order. The Clerk shall close the file.
IT IS SO ORDERED

Dated: November 29, 2006		_____
						UNITED STATES DISTRICT JUDGE

## Exhibit A:  CONSENT OF SPOUSE TO WAIVER OF BENEFITS

I, DAYLE OKAMITSU, declare that:

I, DAYLE OKAMITSU, am married to Gregg Okamitsu, a defendant in *Chao v. GKO & Associates, et al*., filed in the United States District Court for the Northern District of California, who is a participant in the GKO & ASSOCIATES 401(k) SAVINGS AND PROFIT SHARING PLAN.  In consideration of the Department of Labor's agreement to resolve its claims against my spouse, and to the extent that my spouse opts to offset assets in his participant account in the GKO & ASSOCIATES 401(k) SAVINGS AND PROFIT SHARING PLAN against his liability in this civil action, I renounce and agree not to pursue any claims or interest that may have accrued or vested to me, or may later accrue or vest to me in Gregg Okamitsu's participant account as community property as the spouse or beneficiary of Gregg Okamitsu, or otherwise.  I understand that as a result of my consent to this waiver, I may receive reduced benefits or distributions from Gregg Okamitsu's participant account in the GKO & ASSOCIATES 401(k) SAVINGS AND PROFIT SHARING PLAN.

Dated: November 27, 2006

_____
DAYLE OKAMITSU

Sworn and subscribed before me

This 27th  day of November, 2006

NOTARY PUBLIC

My Commission Expires:

**EXHIBIT A**